### KOERTING & MATHIESEN CO. v. KRAMER.

(Supreme Court, Appellate Term, First Department. December 24, 1914.)

EVIDENCE (§ 601*)—WEIGHT AND SUFFICIENCY—BOOK ENTRIES.

Where, on the issue whether plaintiff extended credit to defendant for goods sold, or to a company, the case of plaintiff rested on the testimony of a witness who was directly contradicted by defendant, the entries in plaintiff's books, showing that he extended credit to the company, were of great force in determining the question.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2425, 2456–2459; Dec. Dig. § 601.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the Koerting & Mathiesen Company against Max J. Kramer. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued December term, 1914, before GUY, BIJUR, and PAGE, JJ.

Strauss, Reich & Boyer, of New York City (David C. Lewis, of New York City, of counsel), for appellant.

John J. Schwartz, of New York City (David B. Luckey, of New York City, of counsel), for respondent.

GUY, J. Plaintiff sued for goods sold and delivered to the defendant. The goods were electric lamps and some carbon sticks, delivered to the Brook Theater, 137th street and Brook avenue, New York City. The value of the goods and their delivery are not disputed; the only question litigated being as to whether the plaintiff gave credit to this defendant individually, or to the Kramer Contracting Company. But two witnesses were sworn upon the trial—one, Harsten, on behalf of the plaintiff, and the defendant in his own behalf. Harsten, who was engaged in selling goods for several parties on commission, the plaintiff, among others, testified to the purchase of the goods in question by the defendant and his promise to pay therefor. This defendant denied that he purchased the goods on his own credit, claiming that he purchased them as president of the Kramer Contracting Company, who were then engaged in erecting the Brook Theater. It appeared in the testimony that prior to this transaction, Harsten had had transactions with the Kramer Contracting Company in reference to the same theater, and he substantially admitted that he had received checks made by the Kramer Contracting Company in payment therefor. So that knowledge of the existence of that company was brought home to him. He swears that he reported to the plaintiff that he had sold the lamps, etc., to Max Kramer, the defendant. The plaintiff, however, admitted upon the trial:

"That their books of account show an account only with the Kramer Contracting Company, and that the merchandise sued for in this action had been entered in such account, and charged to the Kramer Contracting Company, and no account appears on the books with Max Kramer, and no goods have been charged to him."

As it was not shown that the plaintiff ever had any prior transaction with or sales made to the Kramer Contracting Company, it is difficult to reconcile the charge so made to that company of the goods in question with the testimony of Harsten that he reported to the plaintiff that he had sold the goods to Max Kramer, the defendant. The plaintiff's entire case rests upon the testimony of Harsten, and, as this was directly contradicted by the defendant, the entries in plaintiff's books, showing that they gave credit to the Kramer Contracting Company, and not to this defendant, under the circumstances above set forth, are of great force in determining the question at issue.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.